UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| v. | CAUSE NO.: 2:20-CR-80-TLS-JPK |
| DONALD R. BENNETT | |

## OPINION AND ORDER

This matter is before the Court on a Motion to Grant Early Discharge of Supervised Release [ECF No. 9], filed by Defendant Donald R. Bennett on June 11, 2021. The Defendant requests early termination of his term of supervised release. In accordance with this Court's directive, the United States Probation Office filed a Memorandum [ECF No. 12] in response to the Defendant's motion. The Defendant's supervising probation officer recommends that the motion be denied at this time to be revisited at a later date should the Defendant continue to demonstrate compliance with the terms of his supervision.

## BACKGROUND

The Defendant was sentenced in the Northern District of Illinois on convictions of conspiracy to defraud the United States in violation of 18 U.S.C. § 371, bank robbery by force or violence in violation of 18 U.S.C. § 2113A, and a violation of 18 U.S.C. § 924(c). *See* ECF No. 1. He began his term of supervised release on December 20, 2019, in the Northern District of Illinois, and jurisdiction over his supervision was transferred to this district on July 13, 2020, to allow the Defendant to reside with an acquaintance living in this district. *See* ECF Nos. 1, 2. In June 2021, a transfer of supervision to the Western District of Kentucky was approved, and the Defendant was permitted to relocate to Kentucky. *See* ECF. No. 12. The scheduled expiration date of the Defendant's term of supervision is December 19, 2024. *See id.*

## ANALYSIS

A district court may grant early termination of a remaining term of supervised release after one year of supervised release has elapsed if, after the court considers certain factors in 18 U.S.C. § 3553(a), it "is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1); *see also United States v. Lowe*, 632 F.3d 996, 998 (7th Cir. 2011). A court need not make explicit findings as to each of the § 3553(a) factors, but the record must reveal that the court gave consideration to the factors. *Lowe*, 632 F.3d at 998 (citing *United States v. Carter*, 408 F.3d 852, 854 (7th Cir. 2005); *United States v. Hale*, 107 F.3d 526, 530 (7th Cir. 1997); *United States v. Nonahal*, 338 F.3d 668, 671 (7th Cir. 2003)). "[T]he district court has wide discretion in determining whether to terminate an individual's term of supervised release." *United States v. Hook*, 471 F.3d 766, 771 (7th Cir. 2006).

Here, the Defendant seeks early termination of his five-year term of supervised release so that he can move to Kentucky and live with his son. Since his release on supervision fourteen months earlier and at the time of his motion, the Defendant was living with an acquaintance. The acquaintance had recently informed the Defendant that he must begin to pay $100 a week in rent. The Defendant represents that his only income is $794.00 per month in supplemental security income payments and that he cannot afford the new rent payment. The Defendant asserts that early termination of supervised release will allow him to move to Kentucky and reside with his son. However, the Defendant's probation officer represents that, in June 2021, a transfer of supervision to the Western District of Kentucky was approved and the Defendant moved in with his son. Thus, the immediate instability of the Defendant's living arrangements no longer constitutes a basis for the motion.

As additional support for the motion, the Defendant notes that he has complied with all the requirements of supervised release, including timely restitution payments of $25.00 each month. He further asserts that, at 81 years old with a number of health problems, he is not a threat to the community. However, the Defendant's probation officer advises that the Defendant continues to require supervision during his transition to life in Kentucky and in light of the Defendant's risk factors. Having considered the § 3553(a) factors, the Court finds that, notwithstanding his compliance with the requirements of supervision, timely restitution payments, and age, the interests of justice would not be served by discharging the Defendant from the obligations that are imposed on him through supervised release at this time because of his unstable living arrangement and his history of violence. The Defendant has made no showing that continued supervision would impose an undue hardship.

Based on the recommendation of his probation officer, if the Defendant continues to demonstrate compliance with the terms of supervision, he may renew his request at a later date.

## CONCLUSION

For the reasons stated above, the Court hereby DENIES without prejudice the Motion to Grant Early Discharge of Supervised Release [ECF No. 9]. Because the Court does not have the Defendant's current mailing address in Kentucky, the Court DIRECTS the United States Probation Office to send the Defendant a copy of this Opinion and Order.

SO ORDERED on August 3, 2021.

    s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT